**UNITED STATES of America, Appellee,**

v.

**Lee Grant GREGG, Appellant.**

**No. 01–3053.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 20, 2002.

Before TATEL and GARLAND, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs and oral argument of the parties. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. *See* FED. R.APP. P. 36; D.C. CIR. RULE 36(b). It is

ORDERED AND ADJUDGED that Appellant Lee Grant Gregg's conviction for conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846 and for aiding and abetting the unlawful possession with intent to distribute heroin in violation of 18 U.S.C. §§ 2, 841(a)(1), 841(b)(1)(C), be affirmed; and it is

FURTHER ORDERED AND ADJUDGED that Gregg's conviction for two counts of unlawful use of a communication facility in violation of 21 U.S.C. § 843(b) be reversed and remanded for further proceedings consistent with this judgment.

■ At the request of both Gregg and the Government, we reverse both counts of unlawful use of a communication facility because the grand jury indicted Gregg for using a telephone to "facilitate the distribution of heroin" while the district court

instructed the jury that he was charged with using a telephone "as part of the commission of or the causing or facilitating of the commission of the conspirators' conspiracy to distribute and possess with the intent to distribute heroin." Tr. 2/10/00 at 96–97. As the Government concedes, *see* Appellee's Br. at 31–33, the district court's instruction constructively amended the indictment and constitutes plain error. *See United States v. Lawton*, 995 F.2d 290 (D.C.Cir.1993).

■ Gregg also objects to the district court's admission of co-conspirators' testimony under Fed.R.Evid. 801(d)(2)(E) "subject to connection" without ever making a formal finding of admissibility. Gregg, however, never requested such a finding and there is no doubt that, given the abundant extrinsic evidence of conspiracy, the district court would have been justified in making one. Thus, since there is no *per se* rule of reversal in this circuit, *see United States v. Slade*, 627 F.2d 293, 307 (D.C.Cir.1980), we find that a mere lack of formal findings cannot constitute plain error. Gregg's claim to have withdrawn from the conspiracy also misses the mark. Withdrawal requires either coming clean to authorities or communicating abandonment to co-conspirators, *see United States v. Walls*, 70 F.3d 1323, 1327 (D.C.Cir.1995), and Gregg did neither.

■ Gregg's allegation that the district court's jury instruction misstated the elements of conspiracy fares no better. His reliance on *United States v. Mims*, 92 F.3d 461 (7th Cir.1996), is misplaced. *Mims'* conspiracy instruction mandated conviction of someone who merely buys drugs for resale. *Id.* at 465. Here, however, the district court's instruction explained that the jury must find that the defendant had joined the conspiracy. *See* Tr. 12/13/00 at 89 ("[T]he Government must prove the following two things beyond a reasonable

doubt. First, the Government must prove that ... an agreement existed between two people to commit a crime.... Second, the Government must prove that the defendant knowingly and willingly joined and participated in the conspiracy with the specific intent to distribute heroin or to possess heroin with the intent to distribute.") Moreover, the district court specifically noted that conspiracy requires "something more" than a mere buyer-seller relationship. *Id.* at 96. Taking language directly from *United States v. Thomas,* 114 F.3d 228, 245 (D.C.Cir.1997), the instructions also suggested that a desire to profit from and further a conspiracy, and familiarity with its general aims, "may" provide the "something more." Tr. 12/13/00 at 96. Taken together with the district court's general instruction regarding the elements of conspiracy, this language correctly explains this circuit's understanding of conspiracy and certainly is not plain error.

■ There is no merit to Gregg's claim that his conviction for aiding and abetting heroin distribution is *res judicata* because of an evidentiary ruling from his first trial. That earlier ruling determined only that Gregg knew nothing about a pistol discovered in his van's secret "stash" compartment. Tr. 9/1/00 at 12. This is perfectly consistent with a later jury determination that Gregg knew about the heroin also concealed in the compartment.

Nor is there merit to Gregg's claim that the district court failed to make "particularized findings" regarding scope and forseeability in calculating the portion of the conspiracy's drug volume attributable to him under the sentencing guidelines. *See United States v. Thomas,* 114 F.3d 228, 255 (D.C.Cir.1997). The transcript reveals that the trial judge did more than merely adopt the pre-sentencing report, but instead made numerous factual findings about Gregg's temporal and structural involvement in the conspiracy. Tr. 5/1/01 at 37–42.

■ Finally, Gregg also claims that the district court failed to make findings of relative, as opposed to absolute, culpability in concluding that he did not play a minor or minimal role in the conspiracy. The district court, however, found that Gregg was not of the "inner circle" but nevertheless "played a significant role at various times" and acted as a "middleman" between the main organization and street customers. Tr. 5/01/01 at 43–44. This is sufficient to satisfy the requirements of U.S.S.G § 3B1.2. *See United States v. Edwards,* 98 F.3d 1364, 1370 (D.C.Cir.1996).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. RULE 41(a)(1).